UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Desi-Rae Campbell

    v.                                            Case No. 24-cv-36-SM-AJ

U.S. Citizenship and
Immigration Services

**ORDER ON PENDING MOTIONS**

Pro se plaintiff Desi-Rae Campbell, appearing in forma pauperis, filed a complaint (Doc. No. 1) against the United States Citizenship and Immigrations Services ("USCIS").

**Background**

The crux of Ms. Campbell's claim is that USCIS has, without authorization, changed the spelling of her name by omitting the hyphen in her first name – "Desi-Rae" – and by using a lower-case 'r' in "Rae." Compl. (Doc. No. 1) at 3. This, Ms. Campbell alleges, is creating issues with other immigration and employment-related paperwork. Id. at 5. She further alleges that USCIS has rejected her requests to correct its records.[1]

---

[1] Although the issue is not presently before the court, USCIS has averred that the hyphen has been added to Ms. Campbell's name within every system that is both within its control and technologically capable of doing so. See Def. Obj. (Doc. No. 13) at 3-4 ("To the extent that USCIS can correct this name change, it has already done so. But USCIS is unable to include the requested hyphen in Plaintiff's first name in every part of its record-keeping system, due to technological limitations.")

Presently before the court are several motions filed by Ms. Campbell. The court addresses those motions below, combining them into a single decision where appropriate.

1.  Motion to Postpone Medical Exam (Doc. No. 34)

In November 2023, USCIS notified Ms. Campbell that her Form I-485 had been denied for abandonment because she had not provided a required report of a medical examination, as required by the Immigration and Nationality Act, 8 U.S.C. § 1222(b); 8 C.F.R. § 245.5. See Def. Obj., Exh. A, Hendrickson Decl. (Doc. No. 13-1) ¶¶ 14-15. In the early stages of this litigation, USCIS re-opened Ms. Campbell's I-485 proceeding and the court, on August 13, 2024, ordered Ms. Campbell to complete the required examination by April 15, 2025, eight months later. See August 13, 2024 Endorsed Order. After Ms. Campbell provided proof of an appointment scheduled for June 2025, the court extended the deadline for her to provide the required form to USCIS until July 26, 2025. On June 18, 2025, roughly one week prior to her scheduled appointment, Ms. Campbell notified the court that her lack of a driver's license – it had expired in 2021 – was preventing her from getting the required examination. She filed the instant motion on July 30, 2025, requesting a postponement of the examination "for two to three years or other reasonable time frame." Motion (Doc. No. 34) at 1.

Ms. Campbell asserts that she requires an adjustment of status to permanent resident before she can complete the examination. She also asserts that she lacks funds and the ability to travel to an examination. As to the first point, Ms. Campbel has it backwards – the examination is a prerequisite to an adjustment of status. Next, Ms. Campbell has apparently lacked a driver's license since long before the commencement of this lawsuit in February 2024. As this is neither a new development nor one that was raised with the court until after the government voluntarily re-opened her application and the court granted her two extensions of time, the court finds that her lack of license is not sufficient reason for a years-long extension. As for her lack of funds and inability to travel, the court notes that previous extensions of time were premised, in part, on Ms. Campbell's indication that she was traveling out of the country. See Pltf. Mot. (Doc. No. 20) (indicating plans to leave the country in October 2024)); Pltf. Notice (Doc. No. 24) (indicating return to the United States in February 2025).

Ms. Campbell has not provided a sufficient basis for an extension of time to complete the required examination. Both the court and the government have been extraordinarily patient, but ultimately, the onus is on Ms. Campbell to fulfill a requirement of which she has been on notice of since no later than February 1, 2024, when she commenced this litigation. However, in the

3

interest of providing Ms. Campbell with the fullest opportunity to complete her application, the court will grant her a brief extension – until October 14, 2025 – to provide proof of a scheduled examination. Ms. Campbell should expect no further extensions of time to schedule an examination. Nor should she expect any relief from the court should she fail to attend a scheduled examination.

2.  Motions for Approval of Permanent Residency Application (Doc. Nos. 28 and 31)

As noted above and in USCIS's objections to these motions (Doc. No. 40), the ultimate resolution of Ms. Campbell's permanent residency application is, at this point in time, dependent on her completion of the medical examination requirement. Ms. Campbell has provided no legal support for her request that this court "approve [her] permanent residency application as soon as possible, without needing any further documentation. Pltf. Mot. (Doc. No. 28) at 1. Nor can the court locate any legal authority to unilaterally approve her application or circumvent the requirement that an applicant for adjustment of status have a medical examination. See 8 C.F.R. 245.5 ("[A]n applicant for adjustment of status shall be required to have a medical examination . . . ."). Accordingly, plaintiff's motions for approval of permanent residency status (Doc. Nos. 28 and 31) are denied.

4

3. Motions Regarding Driver's License (Doc. Nos. 32 and 46)

As noted above, one of the obstacles Ms. Campbell cites for her inability to undertake the required medical examination is that her New Hampshire driver's license was suspended in 2021. She seeks an order from this court "to order personnel at the New Hampshire [Department of Motor Vehicles ("DMV")] to acknowledge [her] name as Desi-Rae with a hyphen." Pltf. Mot. (Doc. No. 32) at 1; see also Pltf. Mot. (Doc. No. 46) at 6 (requesting issuance of driver's license).

As far as the court can tell, Ms. Campbell's license suspension – which occurred in 2021 -- has nothing to do with the spelling of her name, but instead relates to her delay in seeking renewal. See Pltf. Notice (Doc. No. 27). According to Ms. Campbell, she "discovered in 2021 that she could not renew the license although [she] had a pending application with USCIS . . . ." Id. at 4. But according to her complaint and attached exhibits (Doc. No. 1), her USCIS filings relevant to this case took place in 2022. Regardless of the timing, this court lacks the authority to order a non-defendant state agency to grant the relief Ms. Campbell seeks. See, e.g. Leach v. City of Philadelphia, No. 22-CV-1451, 2022 WL 1488557, at *2 (E.D. Pa. May 11, 2022) (dismissing plaintiff's attempt at license restoration pursuant to Eleventh Amendment immunity); Forjone v.

5

Dep't of Motor Vehicles, 414 F. Supp. 3d 292, 300 (N.D.N.Y. 2019) (same).

Finally, there is nothing in the record that suggests USCIS is in any way involved in the matter of Ms. Campbel's driver's license. Accordingly, her motions regarding her driver's license (Doc. Nos. 32 and 46) are denied.

4. Motions Regarding State Court Cases (Doc. Nos. 33, 37, 41, and 44)

According to several filings, Ms. Campbell is involved in cases in New Hampshire state courts. She requests "an order from [this] court to the relevant cities of Berlin [and] Manchester, New Hampshire to" postpone those proceedings until the resolution of this case. Pltf. Mot. (Doc. No. 33) at 1.[2] A motion seeking "clearance of a possible default charge," (Doc. No. 37), seeks such an order particular to a case in Manchester. Once again, this court lacks the authority to effectuate the relief Ms. Campbell seeks. As recently explained By Judge Talwani in the District of Massachusetts:

> "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287,

---

[2] Doc. No. 41 is a motion to add exhibits under seal. The court grants this motion and considers Ms. Cambell's exhibits in connection with her motions regarding her state court cases, to which they seemingly apply.

6

>     (1970). "As early as 1793, Congress manifested its
>     understanding and intention that the state courts be
>     allowed to conduct state proceedings free from
>     interference by the federal courts, when it prohibited
>     the federal courts from issuing injunctions to stay
>     proceedings in state court" the current version of
>     which is at 28 U.S.C. § 2283. In re Justices of
>     Superior Ct. Dep't of Massachusetts Trial Ct., 218
>     F.3d 11, 16 (1st Cir. 2000). "This congressional
>     policy, subject to only a few exceptions, has remained
>     essentially unaltered to this day, and is reflected in
>     the federal courts' own policies." Id. (citations
>     omitted).

Freeman v. Anderson, No. 25-CV-11544-IT, 2025 WL 1787620, at *3 (D. Mass. June 27, 2025).

As did the plaintiff in Freeman, Ms. Campbell asks this court to take actions that would force the state courts to stay their proceedings. "This relief falls squarely within the judicial action prohibited by the Anti-Injunction Act[,]" id., which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." Smith v. Bayer Corp., 564 U.S.

299, 306 (2011) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)).

Ms. Campbell's filings do not suggest that any of the above exceptions exist. The motions regarding Ms. Campbell's state court cases (Doc. Nos. 33 and 44) are therefore denied. A request to stay state court proceedings should be made in those tribunals.

5. Motion to Reopen and Reconsider (Doc. No. 36)

It appears that this motion relates to a prior extension of Ms. Campbell's deadline to complete her medical examination. As this Order extends the deadline, Ms. Campbell's motion is denied as moot.

6. Motion to Confirm USCIS Assent to Travel (Doc. No. 43)

It is not clear what relief Ms. Campbel seeks in this motion. She asserts that she must "make travel plans for her health." Pltf. Mot. (Doc. No 43) at 1. She further alleges that is unable "to assent to any of USCIS' requests until ensuring that I can drive to get any of their requests done[,] USCIS has confirmed . . . that they commit to delivery of my permanent resident card and stop attempting to threaten me." Id. at 2. As previously noted, this court has no authority to intervene in Ms. Campbell's driver's licensing issues. Nor has Ms. Campbell provided factual support for her allegations of "threats" regarding her permanent residency card. To the contrary, in the

8

early stages of this lawsuit, USCIS re-opened her application to allow Ms. Campbell to proceed. See August 13, 2024 Endorsed Order. Plaintiff's motion is therefore denied.

7. Motion for International Charges Against USCIS (Doc. No. 45)

It is again unclear what relief Ms. Campbell is seeking in this motion. She first asserts, without any factual support, that USCIS is responsible "receipt of electromagnetic radiation," "forced use of phones," "forced use of technology to get anything done," forced social isolation," "psychological torture," "removal of all financial resources," "removal of freedom of religion," and "prevention of seeing family and friends abroad." Pltf. Mot. (Doc. No. 45) at 2. It appears these accusations relate to her state drivers' license and court issues, which have been addressed elsewhere in this order. In addition, as USCIS notes, when Ms. Campbell's I-485 proceeding was re-opened, she received a travel document, which she presumably relied on to leave and return to the country as also noted previously. The travel authorization is valid as long as those proceedings are pending. Def. Obj. (Doc. No. 49) at 3. Accordingly, plaintiff's motion is denied.

8. Motion to Order USCIS to correct spelling (Doc. No. 47)

In this motion, Ms. Campbell requests an order directing USCIS to hyphenate her name on her employment authorization and travel card. USCIS has already responded to this request by

indicating that its database software cannot effect this change. Def. Obj. (Doc. No. 49) at 3. To the extent that Ms. Campbell seeks to delay these proceeding indefinitely until software changes occur, that request is denied, as Ms. Campbell has been given numerous extensions of time to complete her application. Accordingly, plaintiff's motion (Doc. No. 47) is denied.

9.  Motion to re-open (Doc. No. 48)

This motion seeks re-opening of Ms. Campbell's I-485, as well as her associated employment and travel documents. As USCIS voluntarily re-opened her I-485 proceedings, this motion is denied as moot. To the extent she is seeking an order in advance of a potential failure to complete her medical examination, such a request is not ripe. See Gun Owners Action League, Inc. v. Swift, 284 F.3d 198, 205 (1st Cir. 2002) ("[T]he doctrine of ripeness . . . asks whether an injury that has not yet happened is sufficiently likely to happen to warrant judicial review.") (internal quotation omitted). Plaintiff's Motion is therefore denied.

10.  Motion to Seal and/or redact (Doc. Nos. 29 and 30)

In these motions, Ms. Campbell seeks an order sealing certain filings and redacting personal information from others. The court first notes that the filings in this case have been sealed, so are not viewable by the public. To the extent Ms.

10

Campbell seeks redaction of certain information, she is directed to Local Rule 83.12. This motion is therefore denied.

### Conclusion

Based on the foregoing, the court orders as follows:

1. Motion to postpone medical examination (Doc. No. 34) is GRANTED, but ONLY to the extent that Ms. Campbell must provide proof on or before October 14, 2025 that she has scheduled the required examination.

2. Motions for Approval (Doc. Nos. 28 and 31) are DENIED.

3. Motions Regarding Driver's License (Doc. Nos. 32 and 46) are DENIED.

4. Motions Regarding State Court Cases (Doc. Nos. 33, 37, and 44) are DENIED; Motion to Add Exhibits (Doc. No. 41) is GRANTED.

5. Motion to Reopen and Reconsider (Doc. No. 36) is DENIED.

6. Motion to Confirm USCIS Assent (Doc. No. 43) is DENIED.

7. Motion for International Charges (Doc. No. 45) is DENIED.

8. Motion to Order USCIS to correct spelling (Doc. No. 47) is DENIED.

9. Motion to re-open (Doc. No. 48) is DENIED.

10. Motion to Seal and/or redact (Doc. Nos. 29 and 30) are denied.

In addition, the court further instructs the parties not make any filings in this case, other than those relevant to Ms. Campbell's medical examination, until after the October 14, 2025, deadline for her to file proof of a medical examination has passed.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 22, 2025

cc:  Desi-Rae Campbell, pro se
     Counsel of Record

12